**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:20-MC-00042-GCM**

| | | |
|---|---|---|
| **IN RE APPLICATION OF** | ) | |
| **PLANET ENERGY (ONTARIO) CORP.,** | ) | |
| | ) | **ORDER** |
| **Applicant.** | ) | |
| | ) | |

      **THIS MATTER** is before the Court on All Communications Network of Canada Co.'s ("ACNC") Motion to Intervene. (Doc. No. 2). The Court, having considered the briefs and materials submitted in support and being otherwise fully advised, finds and orders as follows:

## I.    FACTUAL BACKGROUND

      In 2018, ACNC commenced an international arbitration against Planet Energy (Ontario) Corp. ("Plaintiff"). The arbitration is captioned *All Communications Network of Canada, Co. v. Planet Energy (Ontario) Corp., et al*, ICDR Case No. 01-18-0001-6527 and is seated in Toronto, Canada. (Doc. No. 1, at 5). On February 28, 2020, Plaintiff filed an application for a discovery order ("Application") for use in that arbitration. (Doc. No. 1). ACNC received a copy of the Application on March 11, 2020. (Doc. No. 2, at 2). According to ACNC, Plaintiff's Application made "numerous requests for documents that were already considered and rejected by the arbitrator." The next day, ACNC filed its Motion to Intervene. (Doc. No. 2, at 2). On that same day—March 12, 2020—Plaintiff requested to amend its Application ("Amended Application"). (Doc. No. 3, at 1).

## II.    DISCUSSION

Federal Rule of Civil Procedure 24 provides a right of intervention if four criteria are satisfied: "(1) timeliness, (2) an interest in the litigation, (3) a risk that the interest will be impaired absent intervention, and (4) inadequate representation of the interest by the existing parties." *Scott v. Bond*, 734 F. App'x 188, 191 (4th Cir. 2018). The first criterion—timeliness—"is a central consideration when deciding a motion to intervene." *Id.* "When assessing the timeliness of a motion to intervene, [courts] consider (1) how far the case has progressed, (2) the prejudice to other parties caused by any tardiness in filing the motion, and (3) the reason for any tardiness." *Id.* With regard to the second criterion, intervenors have a sufficient interest when they stand to gain or lose by the direct legal operation of a court's judgment in the matter for which intervention is sought. *See Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991).

Here, ACNC's Motion was timely. ACNC submitted its Motion less than two weeks after Plaintiff filed its Application and before Plaintiff filed its Amended Application. (Doc. Nos. 1; 2; 3). At the time of the Motion's submission, and since, the case has not progressed: The Court has taken no action on Plaintiff's Application or Amended Application and no deadlines have been scheduled that must be delayed. ACNC also has an interest in this case. ACNC is a party to the arbitration regarding which Plaintiff seeks a discover order, and, if the discovery order were granted, ACNC stands to lose potentially sensitive business documents requested by Plaintiff. (Doc. No. 1, at 5; Doc. No. 5, at 9). Further, that interest might be impaired if ACNC is not able to challenge Plaintiff's requests for a discovery order. Lastly, no existing party adequately represents ACNC's interests, as the only party to this case is Plaintiff—ACNC's adversary in the arbitration for which Plaintiff seeks discovery. (Doc. No. 1, at 5).

### III.     CONCLUSION

For the reasons stated above, ACNC's Motion is **GRANTED**.

**SO ORDERED**.


Signed: April 10, 2020

Graham C. Mullen
United States District Judge